IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**REDONDO PERINI JOINT VENTURE,**
**Plaintiff**

v.                                                                                    **CIVIL NO. 05-1962(DRD)**

**FEDERAL INSURANCE COMPANY, et al.,**
**Defendants**

**ORDER ASSUMING JURISDICTION**

The captioned case was filed on August 8, 2005, before the Commonwealth of Puerto Rico, Court of First Instance, San Juan Part, Superior Court under civil case no. KAC-05-5690(901) and Summons and copy of the complaint were served upon the defendants on August 10, 2005. On September 9, 2005, defendants filed a Notice of Removal asserting that complete diversity exists amongst the parties and the monetary claims exceed the jurisdictional amount hence the district court should assume jurisdiction and that the action proceeds as an action properly removed from the local state court.

From face of the complaint filed in the state court, the undersigned notes that plaintiff seeks declaratory judgment relief under a payment and performance bonds issued by the co-defendants, Federal Insurance Co. (Federal), as lead surety, and New Hampshire Insurance Co. (New Hampshire). Plaintiff sustains that sureties and principals are liable *in solidum* or whichever one of them, for payment to plaintiff for services, labor and materials furnished by them as per an agreement entered into by the plaintiff and principals for the purpose of realizing certain construction work amounting to no less than Eighty Million Dollars ($80M). Diversity jurisdiction is alleged because Federal and New Hampshire are foreign corporations authorized to do business in this jurisdiction.

Further, the State Court is forewarned that the filing of a Notice of Removal together with proper notice to adverse parties and to the Clerk of the State Court will effect the removal. From this moment on "the State court shall proceed no further unless and until the case is remanded". 28 U.S.C.A. §1446(d); Polyplastics Inc. v. Transconex Inc., 713 f.2d 875 (1st Cir. 1983). The removal of the claim automatically stays State proceedings. Therefore, post removal proceedings at the State Court are void. Polyplastics Inc. v. Transconex Inc., at 880.

The Court hereby **GRANTS** the Defendant's *Notice of Removal* (Docket No. 1) and **ASSUMES** jurisdiction. The Clerk of the Court is **INSTRUCTED** to notify this Order to the Plaintiff's counsel via Certified Mail and Return Receipt to the following address: Mario J. Pabon-Catala, ESQ., and Pedro R. Pierluisi, ESQ., O'Neill & Borges, Ave. Muñoz Rivera # 250, American International Plaza 8th Floor, San Juan, Puerto Rico, 00918-1813, and to their individual electronic mail address of record, to wit, marioj@oneillborges.com, and pierluis@oneillborges.com. Further, the Court **GRANTS** the Plaintiff until the **4th day of January 2006** to appear before this Court with

a counsel dully admitted to this Bar.  Finally, the Defendant is **ORDERED** to file copy of this Order at the Commonwealth of Puerto Rico, Court of First Instance, San Juan Part, Superior Court under civil case no. KAC-05-5690(901).

An Initial Scheduling and Case Management Conference has been scheduled for the **10th day of January 2006 at 5:00 p.m.**

**THESE ARE FIRM DATES AND ANY REQUEST FOR AN EXTENSION OF TIME AND/OR CONTINUANCES SHALL BE SUMMARILY DENIED.**

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 28th day of December 2005.

> **S/DANIEL R. DOMINGUEZ**
> **DANIEL R. DOMINGUEZ**
> **U.S. DISTRICT JUDGE**